**EL PASO NATIONAL BANK, a National Banking Corporation**

v.

**UNITED STATES of America.**

**No. EP–70–CA–13.**

United States District Court,
W. D. Texas,
El Paso Division.

June 22, 1971.

Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for plaintiff.

William W. Guild, Tax Division, Dept. of Justice, Dallas, Tex., for defendant.

### MEMORANDUM OPINION

BREWSTER, District Judge.

Plaintiff, El Paso National Bank, seeks a refund of federal income taxes

and interest totaling $9,577.84, assessed as a deficiency for the year 1966 following disallowance of a deduction for payment of state and local ad valorem taxes. All prerequisites for jurisdiction have been met pursuant to 28 U.S.C., Section 1346(a) (1).

The question for decision is whether plaintiff bank may deduct amounts paid for state and local taxes assessed against certain real estate owned by another corporation, El Paso International Company. The case is submitted upon facts stipulated in the pre-trial order and supported by documentary evidence.

The facts may best be given by quoting the stipulations of the parties in full:

"(a) El Paso National Bank, plaintiff, is a national banking corporation engaged in the operations of a bank and has its principal place of business at El Paso, Texas.

"(b) El Paso International Company (International) a Texas corporation, is and has been since its incorporation in 1951, engaged in making loans and investing in corporate securities, and has its principal place of business at El Paso, Texas. However, during the period March 4, 1963, until September 16, 1968, International was also engaged in the business of renting space to others in a commercial office building purchased from Plaintiff as hereinafter set forth. The stock of International is held in trust for the benefit of the present and future shareholders of El Paso National Bank, Plaintiff.

"(c) On March 4, 1963, the Plaintiff sold a building and located on Stanton Street, El Paso, Texas, to International. Prior thereto, the building housed the bank and offices of the Plaintiff. The warranty deed to the property was delivered to International, but it was not recorded. After the sale, and until its disposal in 1968, International assumed possession of the Stanton Street building, and reported the rentals and expenses incurred in connection with the building in its corporate income tax returns.

"(d) In 1966, the Plaintiff rendered the Stanton Street building for state, county and city ad valorem tax purposes. The total rendition and assessment of and ad valorem taxes paid by the Plaintiff for the year 1966, were as follows:

| Property: | Value Rendered: | Value Assessed: | Ad Valorem Taxes: |
|---|---|---|---|
| Stanton Street Building | $ 494,800 | $ 503,700 | $ 19,953.84 |
| New Bank Building (Mesa and Stanton Streets, Franklin and Main Streets) | 4,977,000 | 5,083,600 | 197,878.20 |
| Capital Stock | 601,700 | 486,200 | 46,552.90 |
| Totals | $ 6,073,500 | $ 6,073,500 | $264,384.94 |

"(e) The Commissioner of Internal Revenue disallowed a deduction taken by the Plaintiff for the payment of ad valorem taxes with respect to the Stanton Street building on its corporate income tax return for the year 1966, and collected deficiency income taxes in the amount of $9,204.62, plus assessed interest in the amount of $373.22, a total of $9,577.84. The plaintiff timely filed a claim for refund and upon the disallowance of the claim by the Commissioner, timely instituted this cause of action for the refund of the deficiency taxes."

Under Article 7166, Vernon's Ann. Texas Civil Statutes, state and local taxes are assessed against banks as to their real estate and against shareholders as

492

to the value of their capital stock.[1] Under Section 164(a) (1) of Title 26, U.S. C., plaintiff is allowed a deduction for state, local and foreign real property taxes. Under Section 164(e) of Title 26, plaintiff may deduct taxes paid on behalf of its shareholders with respect to the value of their capital stock.[2]

Plaintiff points out that all of International's stock is held in trust for the present and future stockholders of plaintiff. It argues that if the Stanton Street property had not been rendered, the total ad valorem tax would have remained the same because of a corresponding increase in the assessed value of its capital stock. Thus, plaintiff concludes that the rendering of the Stanton Street property and payment of tax on that property was, in substance, "simply a means of paying in advance a portion of the shareholder's capital stock tax."

Defendant points out that taxes on real estate are assessed against and are payable by the owner of the property. In its viewpoint, the substance of the transaction was simply payment by the plaintiff of real estate taxes imposed upon another. Reliance is upon the general principle that such taxes are deductible only by the person upon whom they are imposed. Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555 (1942); Pounds v. United States, 5 Cir., 372 F.2d 342 (1967); Eastern gas & Fuel Associates v. Commissioner of Internal Revenue, 1 Cir., 128 F.2d 369 (1942).

Defendant's position is sound. Plaintiff's reasoning disregards the simple fact that International owned the Stanton Street property at the time of the assessment of the ad valorem taxes. Disregarding the fact of International's ownership would require ignoring the identity of that corporation as a separate corporate entity, simply on the basis that it was wholly owned by plaintiff at the time of the assessment. This, the Court cannot do, under the basic principles enunciated in National Carbide Corp. v. Commissioner, 336 U.S. 422, 69 S.Ct. 726, 93 L.Ed. 779 (1949). See Sid W. Richardson Foundation v. United States, D.Ct.N.D.Tex., 306 F.Supp. 755, 761 (1969), affirmed, 430 F.2d 710, 5 Cir., 1970, where this Court rejected such a contention under analogous circumstances.

Judgment will be entered for defendant in accordance with this opinion, which will serve as the Court's findings of fact and conclusions of law under Rule 52(a), F.R.Civ.P.

---

1. "Every banking corporation, State or national, doing business in this State shall, in the city or town in which it is located, render its real estate to the tax assessor at the time and in the manner required of individuals. At the time of making such rendition the president or some other officer of said bank shall file with said assessor a sworn statement showing the number and amount of the shares of said bank, the name and residence of each shareholder, and the number and amount of shares owned by him. Every shareholder of said bank shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property. Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed. . . . ."

2. "(a) General Rule.—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

"(1) State and local, and foreign, real property taxes."

＊      ＊      ＊      ＊      ＊

"(e) Taxes of shareholder paid by corporation.—Where a corporation pays a tax imposed on a shareholder on his interest as a shareholder, and where the shareholder does not reimburse the corporation, then—

"(1) the deduction allowed by subsection (a) shall be allowed to the corporation, and

"(2) no deduction shall be allowed the shareholder for such tax."