

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 10, 1973

The Honorable Henry Wade
District Attorney
Dallas County
Dallas County Government Center
Dallas, Texas 75202

Dear Mr. Wade:

Opinion No. H- 124

Re: Applicability of Article
7166, Vernon's Texas
Civil Statutes, to real
estate owned by a bank's
subsidiary

You have asked our opinion as to whether the value of real estate owned by a subsidiary of a bank or held in trust for a bank may be deducted from the value of the bank's shares of stock for ad valorem tax purposes under Article 7166, Vernon's Texas Civil Statutes. Your questions are:

"1. May a deduction from the amount of the share tax be had for real estate taxes when the real estate is held in the name of a wholly owned subsidiary of the bank, if the real estate held in the name of the subsidiary might legally be owned and carried as an asset by the bank?

"2. May deduction from the amount of the share tax be had for real estate taxes when the real estate is held in the name of a trustee who holds the property for the beneficial interest of the bank, if the real estate held in the name of the trustee might legally be owned and carried as an asset by the bank?"

Article 7166, V. T. C. S., reads as follows:

"Every banking corporation, State or national, doing business in this State shall, in the city or town

p. 602

The Honorable Henry Wade, page 2 (H-124)

in which it is located, render its real estate to the
tax assessor at the time and in the manner required
of individuals. At the time of making such rendition
the president or some other officer of said bank shall
file with said assessor a sworn statement showing the
number and amount of the shares of said bank, the
name and residence of each shareholder, and the num-
ber and amount of shares owned by him. Every share-
holder of said bank, shall, in the city or town where
said bank is located, render at their actual value to
the tax assessor all shares owned by him in such bank;
and in case of his failure so to do, the assessor shall
assess such unrendered shares as other unrendered
property. Each share in such bank shall be taxed only
for the difference between its actual cash value and the
proportionate amount per share at which its real estate
is assessed. . . ." (emphasis added)

The Texas statutory scheme for the ad valorem taxation of banks
operates so that the only property of a bank that is taxable to the bank is
its real estate; its personal property is subject to tax through a levy on
shareholders in an amount proportionate to the shares held. The history
of the Texas legislation on this subject is discussed in City of Marshall v.
State Bank, 127 S.W. 1083 (Tex. Civ. App., 1910, error ref'd). The appa-
rent purpose is to avoid double taxation on the value of real property owned
by a bank.

Our conclusion is that Article 7166 plainly contemplates real property
upon which the bank itself has paid taxes, so that the shareholders may not
deduct from the taxable value of the bank's shares of stock the value of real
property not directly owned by the bank and upon which the bank has not
itself directly paid taxes, regardless of the fact that the bank might have
done so under other circumstances.

The first sentence of Article 7166 states, "Every banking corporation,
State or national, doing business in this State shall, in the city or town in
which it is located, render its real estate to the tax assessor at the time and
in the manner required of individuals."

"[I]ts real estate" unquestionably means real estate directly owned by the bank. There is no requirement that the bank render real estate owned by other entities such as a subsidiary or a trustee. The statute further says, "Each share in such bank shall be taxed only for the difference between the actual cash value and the proportionate amount per share at which its real estate is assessed."

A bank's property interest in the real estate of a subsidiary is not "its real estate."

In Attorney General Opinion No. WW-1492 (1962), the question was whether the value of real estate occupied by a national bank under a lease purchase agreement, which required the bank to pay taxes on the real estate, could be deducted from the value of the bank shares in arriving at their taxable value. This office said:

> "We think that the provisions of Article 7166
> are clear and unambiguous, and each share in a bank
> shall be taxed only for the difference between its
> actual cash value and the proportionate amount per
> share at which real estate actually owned by the bank
> is assessed. It has been held that the effect of Articles
> 7165, V.C.S. and Article 7166, V.C.S. is to require
> the banking corporation to pay the taxes on all of its
> real estate and the shareholders to pay the taxes on
> the personal property. Engelgeke v. Schlenker, 12
> S.W. 999 (1890); City of Marshall v. State Bank of
> Marshall, 127 S.W. 1083 (Civ.App. 1910, error ref.)
> Implicit in the holdings of these cases, is the require-
> ment of actual ownership by the banking corporation."

Authorities impliedly supporting our view that actual ownership of real estate is contemplated by Article 7166 are El Paso National Bank v. United States, 335 F. Supp. 490 (W.D. Tex. 1971), affirmed 453 F. 2d 1313 (5th Cir. 1972); City of Abilene v. Meek, 311 S.W. 2d 654 (Tex. Civ. App., Eastland, 1958, error, ref'd.).

Your second question involving the deduction of the value of real estate held in trust for the bank, in our opinion, calls for the same answer. The same reasons for denying deductions with respect to real estate owned by a subsidiary corporation would apply to property owned by a trust.

## SUMMARY

Article 7166, Vernon's Texas Civil Statutes, permits the reduction of the actual cash value of bank shares by the proportionate amount per share at which the real estate directly and actually owned by the bank is assessed to it for taxes and does not permit the deduction of the value of real property owned by a subsidiary of the bank or held in trust for the bank.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee