Jeffrey C. TIBBETTS, Plaintiff,

v.

The SECRETARY OF THE TREASURY
and the United States of
America, Defendants.

No. B–C–83–312.

United States District Court,
W.D. North Carolina,
Bryson City Division.

Jan. 12, 1984.

Jeffrey C. Tibbetts, pro se.

Charles R. Brewer, U.S. Atty., Asheville, N.C., for defendants.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

Plaintiff instituted this action pursuant to the Internal Revenue Code of 1954 (hereinafter I.R.C.), 26 U.S.C.A. §§ 6703 and 7422, seeking to obtain abatement of a $500.00 penalty assessed pursuant to I.R.C. § 6702 and refund of $75.00 which Plaintiff has previously paid in partial satisfaction of the penalty. This Court has jurisdiction of the action pursuant to 28 U.S.C.A. § 1346(a)(1). The matter is presently before the Court upon the Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing was held at Bryson City, North Carolina on November 21, 1983 at which time the Court heard the argument and testimony of the Plaintiff, pro se, and argument of counsel for the Defendants. In addition the Court has considered the affidavit of Robert Welsh, an attorney for the Tax Division of the United States Department of Justice, who represents the Defendants in this case, as well as the 1982 Individual Income Tax Return filed by the Plaintiff. The Court will therefore treat the Defendants' motion as a motion for summary judgment pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure. After careful consideration of the pleadings, brief, affidavit and other materials submitted by counsel for the Defendants, testimony and argument of the Plaintiff and argument of counsel for the Defendants the Court now enters its findings and conclusions.

The undisputed facts are as follows. Plaintiff filed his Individual Income Tax Return (hereinafter form 1040) for calendar year 1982 in April 1983. Both Plaintiff's form 1040 and his 1982 wage and tax statement (form W–2) show that Plaintiff had income from wages, salaries, tips, etc. of $33,228.00 in 1982. Plaintiff's form W–2 and his testimony establishes that Plaintiff's full time employer was the L.E.L. Corporation of Ft. Lauderdale, Florida. On Plaintiff's form 1040 he listed his occupation as "services." After listing his income from wages, salaries, tips, etc. as $33,-228.00 Plaintiff claimed a business loss of $29,808.00, leaving a total income of $3,402.00 for calendar year 1982. Plaintiff claimed no adjustments to his income and therefore claimed an adjusted gross income of $3,420.00. After claiming his $1,000.00 personal exemption Plaintiff had a taxable income of $2,420.00. The tax on this

amount, as taken from the tax table, was $86.00. Since $5,681.52 federal income tax had been withheld from Plaintiff's salary during 1982 Plaintiff claimed a refund of $5,595.52.

A Schedule C, Profit or (Loss) From Business or Profession, attached to the Plaintiff's 1982 form 1040 stated that Plaintiff had a business named "Jeffrey C. Tibbetts," that this business provided services and that Plaintiff was the proprietor of the business. Plaintiff's home address was also listed as his business address. No employer identification number was listed. This business had no gross receipts or sales and a cost of operations of $29,808.00. Plaintiff claimed therefore that he had a loss of $29,808.00 in the operation of his business. A Schedule C–1 completed by the Plaintiff shows that the entire $29,808.00 cost of operating his business was attributable to labor costs.

The Internal Revenue Service determined that Plaintiff's 1982 tax return was patently frivolous and assessed a penalty of $500.00 against the Plaintiff pursuant to the recently enacted Section 6702 of the Internal Revenue Code. The Plaintiff thereafter paid $75.00 or 15 per cent of the penalty as provided under Section 6703(c)(1) of the Act and filed a claim for refund of that amount which was denied. Plaintiff then filed his complaint in the instant case under Section 6703(c)(2) of the Act alleging that his return was not frivolous and that I.R.C. § 6702 is unconstitutional.

■ The issue before the Court is whether, on these facts, the Plaintiff's return was frivolous as a matter of law. At the outset however the Court notes that the Plaintiff has named the Secretary of the Treasury as a Defendant in this action. The I.R.C. § 7422(f)(1) clearly bars this action insofar as the Secretary of the Treasury is named as a party. Therefore the United States of America is the only party against which this action may proceed.

Section 6702 of the I.R.C. was added by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.Law, No. 97–248, 96 Stat. 324, (617), enacted September 3, 1982. Section 6702, which applies to documents filed after September 3, 1982 provides as follows:

Frivolous income tax return

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

Congress' purpose in providing for an immediately assessable civil penalty for frivolous income tax returns was to deter the filing of protest returns. Congress had determined that existing penalties were insufficient to deter tax protesters because the existing penalties generally were based on a percentage of the underpaid tax and many tax protesters owed no additional tax because of withholding. S.Rep. No. 97–494, 97th Cong., 2d Sess. 277, reprinted in U.S.Code Cong. & Ad.News 1982, 781.

■ The Court concludes that the Plaintiff's tax return for 1982 was frivolous within the meaning of I.R.C. § 6702.

In support of his claim for a $29,808.00 business loss Plaintiff completed Schedules C and C–1. These schedules lead to the inescapable conclusion that Plaintiff's purported business loss was nothing more than salary paid to himself for his own services. First Plaintiff lists no employer

identification number which tends to show that his business has no employees other than himself. The Plaintiff also lists as his business address his home address. Finally, the most convincing reason to believe that Plaintiff's return is incorrect on its face is that although the Plaintiff's alleged business had no gross receipts from any services performed, the business incurred labor costs of $29,808.00. On the other hand it would take a far stretch of the imagination for anyone reading the Plaintiff's tax return to believe that the Plaintiff had a legitimate business operating loss of $29,808.00 during 1982. Therefore the Court concludes that the Plaintiff's 1982 return "contains information that on its face indicates that the self-assessment is substantially incorrect." I.R.C. § 6702(a)(1)(B).

That Plaintiff's position regarding his business loss is frivolous requires little comment. Plaintiff's theory is that by declaring himself to be in the "business" of selling his own services or labor any salary paid to the Plaintiff by the "business" can be deducted as a loss against Plaintiff's personal salary. In other words Plaintiff figured that by channeling his personal salary through a business he could take a business loss against his personal salary equal to the amount he chose to have the business pay to him. Even if the Plaintiff was so naive as to believe that he could legitimately pursue such a course, line 3 of Schedule C-1, "Cost of labor" expressly states that the taxpayer is not to include salary paid to himself. The Court therefore concludes that Plaintiff took a position on his 1982 tax return which was frivolous, and which he intended to delay and impede the administration of the tax laws. I.R.C. § 6702(a)(2)(A).

The Plaintiff raises certain constitutional arguments with respect to Section 6702. See complaint, paragraph 9. These arguments were not raised in his claim for a refund and the courts have held that a taxpayer may not raise arguments in his complaint which he has failed to raise in his claim for refund. *Carmack v. Scofield,* 201 F.2d 360, 362 (5th Cir.1953); *Alabama By Products Corporation v. Patterson,* 258 F.2d 892, 900 (5th Cir.1958); *Sid W. Richardson Foundation v. United States,* 430 F.2d 710 (5th Cir.1970); and *Stoller v. United States,* 444 F.2d 1391 (5th Cir.1971).

■ But assuming *arguendo* that the Plaintiff can raise these constitutional questions in this action notwithstanding his failure to raise them in his claim for refund he cannot prevail on these arguments. His claim that the Act originated in the Senate instead of the House as required by Article I, Section 7, of the Constitution is without merit. Section 6702 is a part of an Act which is referred to as the *Tax Equity and Fiscal Responsibility Act of 1982,* which originated in the House and was amended in the Senate. Pub.Law No. 97–248, 96 Stat. 324 (September 3, 1982). For legislative history and purpose of Public Law 97–248, see 1982 U.S.Code Cong. and Admin.News p. 781.

In *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 343, 55 L.Ed. 389 (1910) the Court was concerned with the constitutional validity of Section 38 of the Act of Congress approved August 5, 1909, known as "the corporation tax" law. It was claimed that the Act was unconstitutional because it was a revenue act and it originated in the Senate in violation of Section 7 of Article I of the Constitution. The facts showed that the bill as originally introduced in the House contained a plan of inheritance taxation but was amended in the Senate to remove the inheritance tax and substituted a tax on corporations. The Court held the statute met constitutional requirements. Justice Day, in speaking for the Court, stated:

The bill having properly originated in the House, we perceive no reason in the constitutional provision relied upon why it may not be amended in the Senate in the manner which it was in this case. The amendment was germane to the subject-matter of the bill, and not beyond the power of the Senate to propose. 31 S.Ct. 346.

Among the other arguments made by the Plaintiff is that "low level administrative agents" cannot constitutionally assess a penalty. There is nothing in the complaint or the record to indicate that "low level administrative agents" or "minor officials" made the assessment. Section 6201 gives the Secretary of the Treasury authority to assess penalties. This authority has been properly delegated to the District Directors and directors of regional service centers of the Internal Revenue Service. Treasury Regulations Section 301.6201–1 (26 C.F.R.).

The last constitutional claim made by the Plaintiff is that the Section violates the separation of powers doctrine and the assessments are levied without notice, hearing and in violation of the due process clauses of the Fifth and Fourteenth Amendments. This claim is without merit. The Act provides that the taxpayer may immediately apply for a refund of the penalty and if such is denied he has full access to the courts. The Plaintiff has availed himself of this right and will have the right of appeal from any holding of this Court.

The Court finds and concludes that the Act meets the requirements of the Constitution and the penalty has been legally imposed.

For the reasons set forth the Court holds that there is no genuine issue of a material fact and the Defendant is entitled to a judgment as a matter of law. Summary judgment will be entered dismissing the Plaintiff's action with prejudice.

The United States moves for attorney fees to be assessed as a part of the costs on the basis that the tax return and this action filed by the Plaintiff are frivolous and were filed in bad faith. In *F.D. Rich Co. Inc. v. United States for the use of Industrial Lumber Co., Inc.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) the Court on page 2165 (94 S.Ct.) stated:

> We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons...

See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), and *Whorton v. Ins. Co.,* 724 F.2d 427 (4th Cir.1984).

The Court finds that the tax return and this action were filed by the Plaintiff in bad faith, and both are without merit and that the costs should include a reasonable attorney fee. The United States has shown by affidavit that the attorney handling this matter spent forty-one (41) hours in preparation for trial, in traveling from Washington, D.C. to Bryson City, North Carolina and attending the hearing and that costs on a per hour basis is $50.00 per hour. The Court finds the time spent and the hourly rate are both reasonable and will be approved. The travel expense from Washington, D.C. to Bryson City, North Carolina of $402.76 is reasonable and will be allowed. The Clerk shall include in the costs to be assessed against the Plaintiff the sum of $2,452.76 as reasonable attorney fees and travel expense in this cause to be paid to the Defendant.

A judgment in accordance with these findings and conclusions will be entered simultaneously herewith.