Johnny H. FROST, Plaintiff,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant.

Civ. A. No. J84-0883(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 13, 1985.

Elmore D. Greaves, Jackson, Miss., Taylor W. O'Hearn, Shreveport, La., for plaintiff.

L.S. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

Presently before the Court for disposition is the motion of Defendant Commissioner of Internal Revenue to dismiss this suit brought by Plaintiff Johnny H. Frost for a tax refund. The Complaint seeks a refund of $532.19. This amount represents a $500.00 penalty plus interest assessed and levied upon by the Internal Revenue Service pursuant to I.R.C. Section 6702, as amended, for Plaintiff's filing of a "frivolous" income tax return in 1983 for tax year 1982. Based upon our review of the Defendant's Motion, memorandum of law, and evidentiary materials submitted in support thereof, to which Plaintiff has not responded, the Court is of the opinion that Defendant's motion is well taken and should be granted. Because we agree with Defendant that the Complaint is without merit, we find it unnecessary to address the various other grounds asserted by Defendant for dismissal.

The undisputed evidence before the Court indicates that Plaintiff in his 1982 tax return listed wages in the amount of $55,214 but then subtracted that same amount as "business losses." After certain losses from rental properties were included, Plaintiff's return showed a net taxable loss for 1982. He then proceeded to show a taxable income of zero and to claim

as a refund the amount of $13,620, which had been withheld from his wages.

The Internal Revenue Service determined that Plaintiff's 1982 return was "frivolous" within the meaning of Section 6702 of the Code and on August 8, 1983, gave notice of a penalty of $500.00 against Plaintiff. Shortly thereafter, Plaintiff responded to this notice and demand for payment by advising the Internal Revenue Service that it was "ignorant of the law" and that courts "agree to the claim I have made that wages are not income." Defendant's Exhibit 2. In February 1984, after demands for payment were unmet, Plaintiff's bank account was levied against and $532.19 was subsequently collected in satisfaction of the penalty, plus interest. In May 1984, Plaintiff filed a claim for refund with the IRS for this amount on the asserted basis that he was "assessed a penalty for the 1983 tax year" and that "it is impossible to assess a penalty when no tax is due."[1] The IRS denied the claim, and Plaintiff filed his Complaint herein.

■ As a matter of law, the Defendant has met its burden of showing the propriety of the Section 6702 penalty assessed against Plaintiff by demonstrating in uncontroverted fashion that the tax return (1) contained information that on its face indicates that the Plaintiff's self-assessment of tax due is substantially incorrect, and (2) that the incorrect assessment is due to a position which is frivolous. 26 U.S.C. § 6702(a)(1)(B) and (2)(B). The Plaintiff here simply reduced the amount of taxable income shown on his return by subtracting from the amount shown as wages an identical amount as "business losses." This "business loss" was claimed on a Schedule C (Form 1040) filed with his return but clearly is not a return of information related to any business or profession of Plaintiff. On its face the self-assessment contained in the return was substantially incorrect. *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911 (W.D.N.C.1984).

Moreover, the asserted and apparent theory behind this incorrect return—that wages are not taxable income—is patently frivolous. *Lonsdale v. CIR*, 661 F.2d 71 (5th Cir.1981); *Davis v. United States Government*, 742 F.2d 171 (5th Cir.1984); *Tibbetts*, 577 F.Supp. at 914; *Hill v. United States of America*, 599 F.Supp. 118 (M.D.Tenn. 1984) (unpublished).

■ Plaintiff is a "tax protester" who filed a frivolous return in an attempt to escape the payment of his federal income taxes. After the assessment of the penalty and levy, he went further and filed this suit in an attempt to recover that penalty. As ruled herein, because the return was frivolous, this suit is absolutely without any basis in law and fact. A brief review of Plaintiff's 1982 Federal Income Tax return by even the most inexperienced of counsel would reveal that Plaintiff was attempting to defeat the federal income tax laws. Even an attorney not specializing in tax work should immediately expect that the law would not uphold Plaintiff's position and, indeed, a minimum of research would reveal that Plaintiff's position is not "warranted by existing law" nor does he have a "good faith argument for the extension, modification, or reversal of existing law." Plaintiff's attorneys apparently now recognize this because they have not bothered to file a reply to Defendant's Motion to Dismiss.

Plaintiff's counsel Taylor W. O'Hearn of Shreveport, Louisiana, and Elmore D. Greaves of Jackson, Mississippi, signed the Complaint and thereby improperly certified in accordance with the provisions of Rule 11 of the Federal Rules of Civil Procedure that Plaintiff's position was "warranted by existing law" or that they had a "good faith argument for the reversal of existing law." In fact, this court questions whether these two attorneys have participated in this attempt to defeat the tax laws of the United States which would be an interposi-

---

**1.** We note that it is manifest from the record and from allegations in the complaint that the Plaintiff knew, prior to the filing of the instant suit, that the penalty was being assessed for a frivolous return for tax year 1982.

tion of the legal process for an "improper purpose" as prohibited by Rule 11.

Accordingly, this Court finds that attorneys O'Hearn and Greaves have violated Rule 11 and that sanctions should be imposed upon them for the improper certification under Rule 11. This Court is further concerned as to the purpose of the Plaintiff's attorneys in filing the Complaint and whether both or either of them has participated in this case for an improper purpose.

Taylor W. O'Hearn and Elmore D. Greaves are hereby ordered to appear before this Court in the Fourth Floor Courtroom of the James O. Eastland Courthouse in Jackson, Mississippi, at 9:00 A.M. on February 18, 1986, to show cause why they should not be found to have violated Rule 11 of the Federal Rules of Civil Procedure by their signing and filing the Complaint herein for an improper purpose, which improper purpose would be a further aggravating circumstance to the Rule 11 violation already adjudicated herein. Further, said attorneys will be permitted to show mitigating circumstances, if any they can, for a reduction of the sanctions which will be imposed against them.

This Court is considering as proper sanctions the requirement that said attorneys for the Plaintiff be required to pay the government's cost of defending this case. Accordingly, the attorneys for the government are ordered to file in this cause a statement of costs and expenses incurred or which will be incurred by the government in defending this case. Such statement shall be filed on or before January 3, 1986.

Either side may, but are not required to, submit to the Court memoranda or responses to this Order or to memoranda of the other side. If such memoranda are desired, they shall be submitted on or before January 16, 1986. The opposite side may submit replies to any such memoranda but must do so on or before January 30, 1986.

As the Defendant was fully justified in imposing a penalty for the frivolous return filed by Plaintiff, his suit for a refund of such sum cannot stand. Accordingly, it is ordered that the Complaint be, and hereby is, finally dismissed with prejudice, with all costs taxed to Plaintiff. A separate judgment of dismissal will be entered herein in accordance with Rule 58 of the Federal Rules of Civil Procedure. The Court, however, retains jurisdiction over this case for further proceedings regarding the Rule 11 violations.

