Linden J. **COMEAUX, et ux.**

v.

**UNITED STATES of America.**

Civ. A. No. 88–0026 "L".

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

July 6, 1988.

Linden J. Comeaux, pro se.

David N. Crapo, Washington, D.C., for defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling concerns defendant USA's motion to dismiss or in the alternative for summary judgment on plaintiffs' suit for income tax refund.

FACTS

On February 6, 1986, plaintiffs filed their joint federal income tax return for 1985. On their return plaintiffs altered line items 24 and 25 to read "non-taxable compensation *Eisner v. Macomber*, 252 U.S. 189 [40 S.Ct. 189, 64 L.Ed. 521]" and excluded from their adjusted gross income the sum of $34,388.53, which sum reflected the amounts they had received in wages for 1985 and claimed their taxable income was zero. They also claimed that the sum of $4,286.69 in federal income taxes had been

withheld from their wages, and claimed a refund in that amount.

As a result of an audit of plaintiffs' 1985 return, the United States, pursuant to 26 U.S.C. § 6702, assessed a frivolous return penalty of $500.00 against plaintiffs. The plaintiffs have paid a portion of the penalty and filed a claim for refund. Plaintiffs then filed this suit for a refund of their penalty as provided for in the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. § 6703 and for the vindication of their First and Fifth Amendment constitutional rights.

LAW AND ANALYSIS

A party seeking summary judgment must establish that there exists no genuine dispute as to any material fact, and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Galindo v. Precision American Corp.,* 754 F.2d 1212 (5th Cir. 1985). In applying these standards, the trial court is to draw inferences most favorable to the party opposing the motion. *Harrison v. Byrd,* 765 F.2d 501 (5th Cir. 1985). This case is ripe for summary judgment as there exist no issues of material fact to be resolved, only issues of law. Basically, plaintiffs contend that they did not file a frivolous return, and that the determination by the United States that the penalty provisions of 26 U.S.C. § 6702 applied to them was clearly erroneous and outside the scope of its authority. Furthermore, plaintiffs contend that the United States' rejection of their claim for refund was arbitrary. Finally, plaintiffs assert that the assessment of a frivolous return penalty violated their first amendment right to freedom of speech, and that 26 U.S.C. § 6702 is unconstitutionally overbroad.

26 U.S.C. § 6702 provides:

Frivolous income tax return.

(a) *Civil Penalty* if

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous or

(B) a desire (which appears on the purported return) to delay or impede the administration of federal income tax laws,

Then such individual shall pay a penalty of $500.00.

(b) *Penalty in Addition to Other Penalties—*

The penalty imposed by subsection (A) shall be in addition to any other penalty provided by law.

Section 6702 does not define the term "frivolous," but the senate report on § 6702 provides four examples of instances in which it applies. *See,* 1982 U.S.Code Cong. & Ad.News (96 Stat.) at 781, 1023–24. The penalty may be assessed when a purported return appears to be an IRS form 1040 but contains altered or incorrect discriptions of lined items or other provisions. Further, the penalty applies with respect to a return or purported return in which many or all the line items are not filled in except for spurious constitutional objections. In addition, a return or purported return which contains insufficient information by which to calculate the tax or contains inconsistent information, or otherwise reveals a frivolous position or a desire to impead the tax laws is subject to the penalty. Finally, § 6702 penalty can be imposed against an individual filing a return showing an incorrect tax due, or reduced tax due because of the individual's claim of a clearly unallowable deduction.

■ Plaintiffs contend that their wages should be excluded from their adjusted gross income because wages are not income. It is settled law that wages are income. *See Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930); *Granzow v. Commissioner of Internal Revenue,* 739 F.2d 265 (7th Cir.1984) and *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981). Accordingly, plaintiffs contention is without substance in law or in fact. Conse-

quently, plaintiffs' return falls within the first, third and fourth enumerated *per se* violations of § 6702, and is therefore manifestly frivolous. *See Kahn v. United States*, 753 F.2d 1208 (3rd Cir.1985). The assessment of the frivolous return penalty against plaintiffs by the United States was not erroneous nor was the United States' denial of plaintiffs' claim for refund arbitrary.

Plaintiffs' contention that the penalty assessment was imposed without notice, hearing and in violation of the due process clauses of the Fifth Amendment is also without merit. The government's interest in collecting revenues is sufficient to justify seizure of a taxpayer's assets without a prior hearing, at least in the absence of a showing of irreparable harm to the taxpayer. *See Franklet v. United States*, 578 F.Supp. 1552 (N.D.Calif.1984). The Supreme Court has also held that taxes may be assessed without a prior hearing provided the taxpayer has an opportunity for a post-assessment hearing; *see Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *see also Dodge v. Osborn*, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557 (1916), which has been specifically applied to § 6702. *See Hamrick v. Commissioner*, 53 AFTR 2nd 1384 (W.D. La.1984). In the case at hand, plaintiffs when assessed the frivolous return penalty could immediately apply for refund of the penalty and, if such a refund is denied, full access to the courts is permitted. I.R.C. §§ 6702–03. These safeguards are sufficient to comply with the Fifth Amendment notice and hearing requirements. *See Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911 (W.D.N.C.1984).

Plaintiffs' contention that § 6702 violates their First Amendment right to freedom of speech must also fail. Plaintiffs are not constrained from attacking the income tax system via speech by fear of the penalty imposed under § 6702. Section 6702 merely penalizes those who have opted to ignore settled judicial and legislative determinations about frivolous income tax returns. "Even if plaintiffs' attempts to avoid or redirect their taxes were treated as expressive activity protected by the first

amendment ... the necessity of maintaining a revenue system raises a compelling governmental interest adequate to override this fundamental right." *Franklet, supra.* Furthermore, as noted in *Franklet*, more direct and effective alternative avenues exist to protest federal income tax. Neither this Court nor the Internal Revenue Service are proper forums in which to argue for the elimination of federal taxation of wages.

Plaintiffs' final contention suggests that this Court should declare § 6702 unconstitutional for overbreath. The United States Supreme Court in *Hoffman Estates v. Flip Side Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) stated "in a facial challenge for the overbreath of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, than the overbreath challenge must fail." As noted above, plaintiffs' First Amendment and Fifth Amendment rights have not been violated by § 6702. Furthermore, they have no constitutional right to alter a tax return so as to lower the amount shown as income and thereby claim a refund to which they are not entitled. Accordingly, this Court holds that § 6702 is not overbroad. *See Franklet supra;* and *Drefchinski v. Regan*, 589 F.Supp. 1516 (W.D.La.1985); (holding that § 6702 is not unconstitutional for vagueness).

### JUDGMENT

For the written reasons assigned in the Memorandum Ruling of this date:

IT IS ORDERED that defendant United States of America's motion for summary judgment is GRANTED as there exists no issue of material fact to be resolved.

IT IS FURTHER ORDERED that plaintiffs Linden and Barbara Comeaux's complaint for a refund pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 is DISMISSED WITH PREJUDICE.