UNITED STATES of America,
Plaintiff-Appellee,

v.

Howell C. WILLIS, Defendant-Appellant.

No. 78–5649

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 27, 1979.

Rehearing and Rehearing En Banc
Denied Sept. 12, 1979.

Howell C. Willis, pro se.

Arnaldo N. Cavazos, Jr., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

Howell Willis, a tax protestor, appeals his conviction on two counts of willful failure to supply the Internal Revenue Service with information required by statute or regulation for the tax years 1974 and 1975, in violation of 26 U.S.C. § 7203. Among his numerous contentions, Willis asserts a right to claim on his income tax returns his constitutional privilege against self-incrimination and further urges that both the district judge and the prosecutor made prejudicial comments during his trial which require reversal of his conviction. We reject these and other contentions of appellant and affirm.

In 1974 and 1975, Willis filed IRS income tax Form 1040's that stated his name, address and social security number and asserted line by line his fifth amendment privilege against self-incrimination. The 1974 return reported only that defendant had $15.10 in dividend income and 24¢ in interest income while the return for 1975 provided no financial information at all. Willis appended to his tax returns various documents purportedly explaining his failure to supply further data regarding his income and his assertion of the fifth amendment privilege. Evidence at trial showed that

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Willis earned wages of $19,332 in 1974 and $8,611 in 1975.

Our decisions in *United States v. Brown*, 5 Cir., 1979, 591 F.2d 307; *United States v. Wade*, 5 Cir., 1978, 585 F.2d 573, and *United States v. Johnson*, 5 Cir., 1978, 577 F.2d 1304, conclusively dispose of appellant's contentions respecting his right to assert his privilege against self-incrimination in lieu of supplying the tax information required by statute.

Even if, as Willis argues, the trial judge and the prosecutor made prejudicial comments, which we do not concede, our review of the record convinces us that, given the incontestable evidence of guilt, these remarks did not affect appellant's substantial rights. "Because the prejudicial effect, if any, of the comments was slight in relation to the overwhelming evidence of guilt, any impropriety was harmless beyond a reasonable doubt." *United States v. Greene*, 5 Cir., 1978, 578 F.2d 648, 653–54. *See United States v. Haynes*, 5 Cir., 1978, 573 F.2d 236, 239.

We have considered appellant's remaining assertions of error and, finding them meritless, we affirm.

AFFIRMED.