Robert D. BEARD, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 83CV–6478–AA.

United States District Court, E.D. Michigan, S.D.

March 9, 1984.

Robert D. Beard, pro se.

David P. Monson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Geneva S. Halliday, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the Court on the defendant's Motion to Dismiss. The Court has determined that the motion should be considered without oral argument, on the

basis of the papers filed. For the reasons discussed below, the motion is granted.

The plaintiff prepared a Form 1040 on which he included a figure in line 7 for "receipts". On line 24 he altered the form to include a category called "non-taxable receipts" and entered another figure that represented his total wages and tips. The difference between the two figures was $1,112.68, which he entered as adjusted gross income. After taking one exemption, the plaintiff concluded that he was entitled to a refund of $607.50. Attached to the 1040 Form was a three page document styled "Form—Non-Taxable Receipts." It is the plaintiff's position that he cannot be taxed on money received in exchange for his labor. The idea is that labor is property and that the taxpayer has a basis in his labor equal to the fair market value and, therefore, received no gain on the "sale" of the property.

The I.R.S. assessed a $500 penalty against the plaintiff for filing a frivolous tax return pursuant to 26 U.S.C. § 6702 which provides:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.

(a) Civil Penalty—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

The plaintiff paid 15% of the penalty and appealed to the I.R.S. for a refund. The I.R.S. denied the claim and the plaintiff filed this action.

The plaintiff's purported return appears to fall squarely within § 6702(a)(1)(B) and (a)(2)(A). It contains information that on its face indicates that the assessment is incorrect and the position taken by the taxpayer is frivolous. It has been universally held that wages paid for labor and services are taxable income. *See, e.g., Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955). *Eisner v. Macomber*, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920), cited by the plaintiff, defines income as the "gain derived from capital, from labor or from both combined". The argument that a taxpayer has a basis in his labor equal to its fair market value would effectively eliminate taxes on wages and is frivolous.

Therefore, the defendant's motion is granted and the action is dismissed with prejudice.

SO ORDERED.