**Martin A. BRENNAN, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**John L. BRENNAN, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Civ. A. No. 83CV–6295–AA.**

United States District Court, E.D. Michigan, S.D.

March 9, 1984.

John L. Brennan, pro se.

Martin A. Brennan, pro se.

Seth G. Heald, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant.

---

## MEMORANDUM OPINION
## AND ORDER

JOINER, District Judge.

Both of the above entitled actions have been brought by taxpayers to obtain a refund. In each case the I.R.S. assessed a $500 penalty against the taxpayer for filing a frivolous income tax return under 26 U.S.C. § 6702. Each taxpayer paid $75 and then filed for a refund. The refund was denied and the taxpayers are now separately appealing that decision.

█ As a preliminary matter, the Commissioner of the Internal Revenue Service is not a proper party to a suit for a tax refund. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(f). This defect may be remedied by order of the court. In the interest of judicial economy, the court orders that the pleadings be amended to substitute the United States as a party and will proceed as if the pleadings had been so amended.

Both of the plaintiffs completed each line of the tax form with the word "object." John Brennan also claimed deductions for 5 dependents. It is the position of the government that the documents filed by each plaintiff constitute a frivolous income tax return under 26 U.S.C. § 6702 which reads as follows:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.

(a) Civil Penalty—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

It is clear that neither of the 1040A forms filed by the plaintiffs contain sufficient information to determine the correctness of the self-assessment under § 6702(a)(1)(A). The question then is whether the position taken by each of these taxpayers is also frivolous under § 6702(a)(2)(A).

The plaintiffs claim (1) that they validly exercised the privilege against self-incrimination and, therefore, cannot be fined under the above section for filing a frivolous tax return; (2) that the penalty amounts to cruel and unusual punishment; (3) that the statute violates the First Amendment in that it abridges the right of persons to petition the government; (4) that the statute is unconstitutional because it originated in the Senate in violation of Art. I, § 7, cl. 1; and (5) that the statute improperly confers judicial power on the executive branch.

There are no reported cases under § 6702 which discuss the privilege against self-incrimination and how it may be raised in the context of a tax return. Nevertheless, there are cases discussing the privilege in connection with criminal prosecutions under § 7203 for failure to file a tax return. *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1975), held that the privilege, if properly asserted, was a defense to criminal prosecution for failure to file a return.

Other cases have addressed how the privilege may not be asserted. *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927), held that a complete failure to file a return on Fifth Amendment grounds was no defense to § 7203 liability. The Court of Appeals for the Sixth Circuit held that a taxpayer, who had filled in all the blanks with objections, primarily under the Fifth Amendment, and who had supplied no financial information, could be prosecuted for failure to file a tax return. *United States v. Heise*, 709 F.2d 449 (1983).

In *United States v. Brown*, 600 F.2d 248 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979), the court interpreted *Garner, supra*, and *Sullivan, supra*, as meaning that the privilege could be employed to protect a taxpayer from revealing the source of the income but not the amount.

■ From the cases cited above, it is clear that the privilege was not properly invoked by either of the plaintiffs in this case. They both provided no information as to the amount of income they had received for the year in question. Their position that the information is protected by the Fifth Amendment privilege against self incrimination is frivolous within the meaning of 26 U.S.C. § 6702. This is precisely the kind of tax return the penalty was designed to discourage. The Senate Report on § 6702 expressly states that the "penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections." S.Rep. No. 494,

97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S.CODE CONG. & AD.NEWS 781, 1024.

■ The remaining arguments are constitutional challenges to the validity of the statute. The claim that the statute amounts to cruel and unusual punishment is without merit. The plaintiffs are not being held for punishment after a criminal conviction and the Eighth Amendment does not apply to this situation. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

The claim that the statute violates a First Amendment right to petition the government is a little difficult to understand. It is hard to see how the statute concerns any right to petition the government. If the claim is that the statute violates due process, it is also unpersuasive in light of the procedural framework of the Internal Revenue Code which permits the taxpayer to challenge the penalty in the way used in the present cases.

The next argument is that the statute violates Article I, § 7, cl. 1, which says that all bills for revenue shall originate in the House of Representatives. While this bill (TEFRA) originated in the House, it was completely changed in the Senate and then returned to the House for confirmation. The plaintiffs argue that this procedure violates the constitution. This argument was addressed in *Frent v. United States*, 571 F.Supp. 739 (E.D.Mich.1983). The court held that Article I, § 7, cl. 1, had been narrowly construed to apply only to bills to levy taxes and, therefore, did not apply to TEFRA. Nevertheless, the court also held that TEFRA had originated in the House. *Flint v. Stone Tracy Co.*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911).

■ The last claim of the plaintiffs is that the statute violates the separation of powers by conferring judicial power upon the I.R.S. The statute does authorize the I.R.S. to assess a penalty for frivolous tax returns. The taxpayer may challenge the penalty as is demonstrated in this case. There is no problem with the separation of powers.

Therefore, the defendant's Motion for Summary Judgment is granted.

SO ORDERED.