George AUNE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

James O. BEEKER and Sylvia P.
Beeker, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

O.J. FOUTCH, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Steven Jon LANE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Eugene V.H. BRASSEUR, Plaintiff,

v.

UNITED STATES of America, Roscoe
Egger, Prescott Berry, W.E.
Pecorella, Defendants.

Jerry D. REED, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Bonnie J. WILLIAMS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Steven L. & Susan M. VANDER
VEN, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Nos. CIV 83–1683 PCT CLH, CIV 83–1900
PHX CLH, CIV 83–1955 PHX CLH, CIV
83–1973 PHX CLH, CIV 83–2050 PHX
CLH, CIV 83–2091 PHX CLH, CIV 83–

2266 PHX CLH and CIV 83–2285 PHX
CLH.

United States District Court,
D. Arizona.

March 13, 1984.

George Aune, James O. Beeker, Sylvia P. Beeker, O.J. Foutch, Steven Jon Lane, Eugene V.H. Brasseur, Jerry D. Reed, Bonnie J. Williams and Steven L. and Susan M. Vander Van, pro se.

Helen Duncan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

These cases involve common questions of law and fact. The Government has moved for summary judgment on plaintiffs' claims seeking a judicial determination of their liability for penalties assessed by the Internal Revenue Service pursuant to Section 6702 of the Internal Revenue Code (26 U.S.C.). Summary judgment may be granted "if the pleadings ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The motions for summary judgment will be granted.

All of the plaintiffs filed income tax returns for 1982 but did not enter on the returns any information about their incomes, the sources of their incomes, exemptions or even their social security numbers. They invoked the protection of the constitutional privilege against self-incrimination guaranteed by the Fifth Amendment as the reason for not providing the information.

They appended to their tax returns (1) what is apparently an excerpt from a book published by the Arizona Caucus Club, which purports to instruct citizens how to use the "tremendous powers granted through the Constitution and the Bill of Rights ... [to] restore a Constitutionally-limited government in which our efforts and earnings will not be squandered by the bureaucrats;" (2) a printed form letter directed to the Internal Revenue Service asking how plaintiffs can answer all the questions in the return without waiving their

right to privacy under the Fourth Amendment and their right against self-incrimination under the Fifth Amendment; (3) a photocopy of an affidavit by W. Vaughn Ellsworth, a notorious tax dodger in this district, who was convicted in this court of making a false return, averring that he did not do so and stating "I cannot recommend that anyone fill out information on a 1040 Form as commanded by the US (sic) Government, because from first-hand experience I know that they can claim a false return from the most honest of information;" (4) a photocopy of affidavit of Witnesses of Trial of W. Vaughn Ellsworth signed by 21 persons averring that they were present at the trial of W. Vaughn Ellsworth and that from what they observed they concluded "that innocent and honest information given by almost any taxpayer can be twisted and slanted by a powerful IRS to make it appear 'suspect';" and (5) a printed document entitled Tax Return Appendix to Accompany Preceding 1040 Form, Letter and Affidavits, to which was attached a page entitled Excerpts from the Constitution and Amendments. These attachments to the plaintiffs' tax returns are typical tax dodger materials.

The Internal Revenue Service determined that plaintiffs' returns were frivolous and, pursuant to Section 6702 of the Internal Revenue Code (26 U.S.C.), assessed penalties of $500. After timely paying 15 percent of the amount of the penalties and filing claims for refund of the amounts so paid, as required by Section 6703(c), the plaintiffs filed actions in this court for determination of their liability for the penalties. With the exception of the *Brasseur* complaint, the material allegations of all of the complaints are verbatim. While not verbatim with the other complaints, Count I of the *Brasseur* complaint makes essentially the same allegations. All of the complaints allege that the plaintiffs had claimed their "Fifth Amendment right to refuse to provide information which might be used against them in later prosecutions ... by taking the Fifth Amendment with respect to each individual question which they felt might be used against them" and

that they could not be penalized for claiming a constitutional right. All the plaintiffs also allege that Section 6702 is unconstitutional because it was enacted by the Congress in violation of Article I, Section 7 of the Constitution of the United States, that the term "frivolous" in the statute is unconstitutionally vague, and that the requirement of Section 6703 requiring prepayment of at least 15 percent of the penalty imposed pursuant to Section 6702 as a condition precedent to contesting the assessment in this court violates the plaintiffs' Fifth Amendment rights to due process of law.

## VALIDITY OF THE SELF–INCRIMINATION CLAIMS

■ A taxpayer may invoke the protection of the Fifth Amendment and refuse to provide information on his tax return which would tend to incriminate him. *See Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). However, to validly claim the constitutional privilege, a person must be faced with substantial hazards of self-incrimination that are real and appreciable and not merely imaginary and unsubstantial. *United States v. Neff,* 615 F.2d 1235, 1239 (9th Cir.1980). While the constitutional privilege protects a taxpayer from disclosing the source of his income, it does not protect him from disclosing the amount of his income. *United States v. Brown,* 600 F.2d 248 (10th Cir.1979). None of the complaints alleges that the plaintiff is the subject of a criminal investigation or has been formally accused of a crime. The plaintiffs who have responded to the government's motions for summary judgment—Aune, Brasseur, Foutch, Reed and Williams—justify asserting the Fifth Amendment claims because, among other things, their social security numbers *could be used* to locate fugitives from justice, pursuant to Section 6103(i)(5) of the Internal Revenue Code; information relating to amounts and nature of income *could be disclosed* to federal, state or local child

support enforcement agencies pursuant to Section 6103(*l* )(6); their occupations *could* "*provide* any number of links to information that could be useful in an investigation;" "wages *lead* to employment information;" "interest *leads* to banking;" "dividends *lead* to assets and SEC regulations;" "rents *lead* to violations of state laws regulating landlords" and "totals for income on a return *tell* all kinds of stories...." (Emphases added). These claims can only be characterized as imaginary and unsubstantial. The types of information required on an income tax return are neutral and do not, of themselves, suggest that a taxpayer's response would be incriminating. Furthermore, the tax protest nature of the materials appended to the plaintiffs' returns suggest that their refusal to complete the forms is motivated by desire to protest taxes, rather than a fear of self-incrimination. *United States v. Neff*, 615 F.2d at 1240. Plaintiffs' self-incrimination claims appear to rest on generalized fears that if they are forced to fill out their income tax returns properly, they somehow would be more likely to have criminal charges brought against them. Their Fifth Amendment claims must be rejected as frivolous.

## CONSTITUTIONALITY OF THE STATUTE

Sections 6702 and 6703 were added to the Internal Revenue Code of 1954 (26 U.S.C.) by Sections 326(a) and (b) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 611 (1982). Section 6702 imposes a penalty of $500 on any person who files an income tax return that "does not contain information on which the substantial correctness of the self-assessment [of income tax due] may be judged" and the person's conduct is due to "a position which is frivolous, or ... a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws." The legislative history of TEFRA indicates that Congress intended that Section 6702 would deter taxpayers from filing frivolous tax returns. S.Rep. No. 97–494, Volume 2, 97th

Cong., 2d Sess. 277–278, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1023–25. The Senate report contained four examples of instances in which the Section 6702 penalty would apply. One was where a person filed a return in which "many or all of the line items are not filled in, except for spurious constitutional objections." *Id.*

■ Plaintiffs first contend that the right to due process of law guaranteed by the Fifth Amendment requires hearings to determine the validity of their claims of privilege against self-incrimination before a penalty can be assessed. Their contention is incorrect. *See Riley v. Commissioner*, 566 F.Supp. 21 (S.D.Ohio 1983); *Powell v. Kopman*, 511 F.Supp. 700 (S.D.N.Y.1981).

■ Next, plaintiffs contend that TEFRA is unconstitutional because it was enacted in violation of the first clause of Article I, Section 7, of the United States Constitution:

All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills.

The bill that ultimately became TEFRA originated in and was passed by the House of Representatives. The Senate amended the bill by striking all the language approved by the House, except the enacting clause, and inserting a new text. The House accepted the Senate version. *Frent v. United States*, 571 F.Supp. 739 (E.D. Mich.1983) That procedure has been upheld as constitutional. *See Flint v. Stone Tracy Co.*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911).

■ Finally, plaintiffs contend that Section 6702 is unconstitutionally vague because "frivolous" is not defined. One of the definitions of "frivolous" found in Webster's Third New International Dictionary (unabridged) (1976) is "having no basis in law or fact." When an ordinary person exercising ordinary common sense can understand what conduct is prohibited or penalized by statute, the statute is not unconstitutionally vague. *Arnett v. Kennedy*,

416 U.S. 134, 159, 94 S.Ct. 1633, 1647, 40 L.Ed.2d 15 (1974); *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 578–79, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973). The failure of the plaintiffs to insert on their 1982 income tax returns such innocuous items as their social security numbers and the number of their dependents demonstrates the spurious nature of their constitutional objections. The income tax returns were clearly frivolous.

SANCTIONS FOR VIOLATING RULE 11

Before August 1, 1983, the plaintiffs could have filed their actions with impunity. However, on that date an amendment to Rule 11 of the Federal Rules of Civil Procedure took effect. As amended, the rule now states in part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading ... including a reasonable attorney's fee."

■ The complaints in these cases are not warranted by existing law or a good faith argument for modification or for the reversal of existing law. They were filed for an improper purpose: to continue plaintiffs' campaign to evade payment of federal income taxes.

IT IS ORDERED as follows:

1. Granting the Government's motions for summary judgment as to all plaintiffs except Brasseur.

2. Granting the Government's motion for partial summary judgment on Count I of the plaintiff Brasseur's complaint.

3. That plaintiffs appear and show cause on Monday, April 9, 1984, at 2:00 p.m., why the Court should not find that their complaints were signed in violation of Rule 11 of the Federal Rules of Civil Procedure (as amended effective August 1, 1983) and impose an appropriate sanction.

4. That counsel for the Government may submit at the hearing on the order to show cause, data to support awards of reasonable attorney's fees consistent with the applicable guidelines approved in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975).