**James T. MATZ, Plaintiff,**

v.

**UNITED STATES of America and the Commissioner of Internal Revenue, Defendants.**

**No. 83 C 8179.**

United States District Court, N.D. Illinois, E.D.

March 19, 1984.

James T. Matz, pro se.

Dan K. Webb, U.S. Atty. by Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., Deborah S. Meland, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER

BUA, District Judge.

This case involves a $500 civil penalty assessed against the plaintiff in accordance with Section 6702 of the Internal Revenue Code of 1954 (26 U.S.C.), which was added to the Code [1] by Section 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), P.L. 97–248. The plaintiff filed what purports to be a federal income tax return for the year 1982, refusing to furnish any financial data on the purported return on the basis of a claimed constitutional privilege against self-incrimination. The Internal Revenue Service determined that this purported tax return could not be processed and that it constituted a "frivolous" return within the meaning of Section 6702. Accordingly, the Section 6702 penal-

---

**1.** All references to "the Code" refer to the Internal Revenue Code of 1954 (26 U.S.C.), as amended.

ty was assessed. The plaintiff has paid 15 percent of the penalty and is therefore entitled to challenge the assessment of the penalty in this Court pursuant to the provisions of Section 6703 of the Code. Jurisdiction is provided by 28 U.S.C., Section 1346(a)(1).[2] The defendants have filed a motion to dismiss or for summary judgment. For the reasons stated herein, summary judgment is entered for the defendants.

## FACTS

The plaintiff, James T. Matz, filed an IRS Form 1040, purporting to be a federal income tax return for the year 1982, signed by him and dated April 15, 1983. The purported return consisted of an IRS Form 1040, and a number of attached pages including a 10-page letter to the Commissioner of Internal Revenue in which the plaintiff asserted his claimed right against self-incrimination.

The plaintiff's purported return contains no information regarding income, deductions, or tax owed, if any. The plaintiff provided only his name, address, filing status and claimed one exemption. All line items on the return contain the typewritten words "OBJECT" or "NONE," except for line 60, where the plaintiff claimed $3,830.36 withheld income tax and lines 67, 68 and 69, claiming a total withholding of $3,830.36 and an overpayment and refund of the same amount. At the top of the form the following words are typed: "The attached sixteen page memorandum and exhibits is to be considered a part of this return. The word "object" in response to a specific question means on the grounds of self-incrimination."

The IRS assessed a frivolous return penalty of $500 against the plaintiff under Code Section 6702. The plaintiff paid $75 of the penalty and filed a claim for refund, which the IRS denied. The plaintiff then filed this suit. The complaint requests this Court to order a refund of the $75 on the grounds that the plaintiff claimed the Fifth Amendment privilege on his purported return in good faith and that Section 6702 is unconstitutional.

## DISCUSSION

In an attempt to deter the filing of frivolous tax returns, Congress in 1982 added Section 6702 to the Internal Revenue Code of 1954, providing for a $500 penalty against persons who file such returns or purported returns. The legislative history of TEFRA reveals that Section 6702 is designed to deter taxpayers from filing returns or purported returns which contain insufficient information for determining the correctness of the taxpayer's self-assessment of tax, or which contain information which on its face indicates that the amounts of tax shown on the returns are substantially incorrect. *See*, S.Rep. No. 494, 97th Cong., 2d Sess. 277, U.S.Code Cong. & Admin.News 1982, p. 781. Section 6702 provides:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.

(a) *Civil Penalty.*—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment is substantially incorrect; and

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

---

**2.** The Commissioner of Internal Revenue is named as a defendant along with the United States of America. Pursuant to 28 U.S.C., Sec- tion 1346(a)(1) and 26 U.S.C., Section 7422(f)(1), the Commissioner of Internal Revenue is not a proper party to this suit.

716

(b) *Penalty in Addition to Other Penalties.*—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

The Senate Report, at pages 277–278, provides four examples of instances in which the Section 6702 penalty applies: First, when a purported return appears to be an IRS Form 1040, but contains "altered or incorrect descriptions of line items or other provisions"; second, in the case of a return or purported return in which "many or all of the line items are not filled in, except for spurious constitutional objections"; third, where the return or purported return contains insufficient information by which to calculate the tax, or contains inconsistent information, or otherwise reveals a frivolous position or a desire to impede the tax laws; and finally, when the return shows an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction.

This case clearly involves the type of purported tax return discussed in the Senate Report's second example, quoted above. The plaintiff's purported 1982 return is a return in which "many or all of the line items are not filled in, except for spurious constitutional objections."

The United States Court of Appeals for the Seventh Circuit recently reaffirmed its position that a taxpayer may not use the Fifth Amendment as a basis for refusing to provide any financial data on his federal income tax return. *See United States v. Verkuilen,* 690 F.2d 648 (7th Cir.1982). In *Verkuilen,* the court held that the Fifth Amendment does not justify a refusal to provide any financial information on a tax return unless the taxpayer makes "a colorable showing that he is involved in some activity for which he could be criminally prosecuted." The court held that when the information provided on a purported return is so incomplete that tax liability cannot be computed, the filed document does not even constitute a tax return. *Id. See United States v. Jordan,* 508 F.2d 750 (7th Cir. 1975). Other courts have also held that the failure to provide any information on a return amounts to a failure to file a return. *See, e.g., United States v. Heise,* 709 F.2d 449 (6th Cir.1983); *United States v. Pilcher,* 672 F.2d 875, 877 (11th Cir.1982), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982).

Recently, Judge Shadur of this Court dismissed the claim of a taxpayer who made a Fifth Amendment claim to justify the filing of a purported return similar to that in the case at bar. *Stamp v. Commissioner of Internal Revenue,* 579 F.Supp. 168 (N.D.Ill.1984). According to Judge Shadur, *Verkuilen's* "colorable showing" standard requires "more than ... vague generalities ... [or] hypothetical possibilities common to the entire populace." *Id.* at 171. In the case at bar, plaintiff asserts that "there is a crime that fits every one of us" and that *if* he supplied false information to secure a loan or Social Security, welfare, or other benefits (which he does not actually admit to doing), the information supplied on the tax return could be used to build a case against him.

Plaintiff's assertions fail to make a colorable showing that he was involved in some activity for which he could have been criminally prosecuted. Therefore, in light of *Verkuilen,* his purported return is, as a matter of law, frivolous for purposes of Section 6702 since it asserts a position which has no basis in law and it does not contain information from which the plaintiff's tax liability can be determined. Consequently, the assessment of the penalty under Section 6702 was proper.

CONCLUSION

For the reasons stated herein, summary judgment is granted for defendants.

IT IS SO ORDERED.