**George W. VAUGHN, Jr.**

v.

**UNITED STATES of America and Commissioner of Internal Revenue.**

Civ. A. No. 83–2472.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

June 25, 1984.

George W. Vaughn, Jr., in pro per.

Steven Shapiro, Chief, Civil Trial Section, Southern Region, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## RULING

SHAW, District Judge.

This matter comes before the Court on the motion of the defendants, the United States of America and the Commissioner of Internal Revenue, to dismiss for failure to state a claim upon which relief can be granted or, alternatively, for summary judgment in their favor. As the disposition of this motion requires resort to materials on file outside of the four corners of the plaintiff's complaint, the Court will consider this motion as one for summary judgment. After a careful review of the materials on file, the Court concludes that there is no genuine issue of material fact and that the defendants are entitled to judgment in their favor as a matter of law. This matter is a companion case with this Court's decision in *Drefchinski v. Regan*, 589 F.Supp. 1516 (W.D.La.1984), decided this same day.

*Background Facts*

For the 1982 tax year, George Vaughn, Jr. filed a 1040 form providing only the following information: (1) his name and address, (2) his occupation, (3) his election not to have one dollar go to the presidential election campaign, (4) his filing status, (5) his claim of one exemption for himself, (6) a $60.00 capital gain on the sale of electrical equipment, and (7) the date. Most of the other lines contained a notation of either "NONE" or "OBJECT." The "OBJECT" notation was placed, among other places, on the lines for wages, business income, total income, adjusted gross income, tax withheld, and Vaughn's social security number. Line 59, the line for "total tax" reflected a "NONE" notation. A statement in the top right corner of the 1040 form stated: "The word 'object' in response to a specific question means on grounds of self-incrimination." Vaughn attached fifteen pages of material to his return which purported to provide legal support for his claim of the privilege against self-incrimination.

The Internal Revenue Service (IRS) assessed a $500.00 penalty against Vaughn under section 6702 of the Internal Revenue Code, 26 U.S.C. § 6702, for filing a frivolous income tax return. Vaughn brings this suit for a refund of seventy-five dollars paid toward the penalty and for abatement of the remainder of the penalty and interest. Vaughn claims that his conduct does not fall within the scope of the section 6702 prohibition, that the statute impermissibly infringes on his privilege against self-incrimination, that section 6702 was passed in violation of the Origination Clause of the Constitution, that the penalty constitutes cruel and unusual punishment and a bill of attainder, that the penalty denies him the right to petition for redress of grievances, that section 6702 violates the doctrine of separation of powers, that the procedures employed in assessing and enforcing the penalty were arbitrary and capricious, that only a jury can determine the issues in this case, that a material issue of fact exists as to his good faith, and that a grant of summary judgment would deny him due process of law. The government contends that these claims are without merit and that the Commissioner of Internal Revenue is not a proper party defendant in this suit.

*Proper Party Defendant*

██ The Court has already resolved this issue adversely to the taxpayer in *Drefchinski*, 589 F.Supp. at 1520. The Commissioner of Internal Revenue is not a proper party defendant in this lawsuit.

*The Applicability of Section 6702; Fifth Amendment Privilege*

The text of section 6702 is set forth in the companion case. *Drefchinski,* 589 F.Supp. at 1520. The 1040 form filed by Vaughn satisfies the first leg of the section 6702 test. That is, Vaughn has filed what purports to be a tax return but which does not contain information on which the substantial correctness of the self-assessment may be judged. Vaughn asserts in his complaint that section 6702 does not apply to tax returns that do not report a self-assessment. This assertion is inconsistent with the legislative history, which states that "the penalty is available against any individual filing a purported return in which insufficient information to calculate the tax is given...." *S.Rep. No.* 494, 97th Cong.2d Sess. 278 *reprinted in* 1982 *U.S. Code Cong. & Ad.News,* 781, 1024. Moreover, Vaughn's "return" in fact makes a self-assessment; he reports "NONE" as his "Total tax" on line 59 of the form 1040.

■ Vaughn's conduct also satisfies the second leg of the section 6702 standard. Vaughn's conduct was due to a position which is patently frivolous and which has been repeatedly rejected by the Fifth Circuit and other courts. A taxpayer has a duty to file a return that contains sufficient information upon which his tax liability can be computed. A blanket assertion of the fifth amendment privilege against self-incrimination does not relieve the taxpayer of this duty. *United States v. Reed,* 670 F.2d 622 (5th Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982); *United States v. McCarty,* 665 F.2d 596 (5th Cir.1982); *United States v. Booher,* 641 F.2d 218 (5th Cir.1981); *United States v. Quimby,* 636 F.2d 86 (5th Cir.1981); *United States v. Willis,* 599 F.2d 684 (5th Cir.1979); *United States v. Brown,* 591 F.2d 307 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Johnson,* 577 F.2d 1304, 1310–11 (5th Cir.1978) (lead case). Vaughn asserts in his opposing memorandum that the objections to the questions on his return do not rise to the level of a "blanket objection." Yet Vaughn's 1982 form 1040 is indistinguishable from the forms filed and found to be "blanket objections" in the above-cited cases. The fact that Vaughn reported a $60.00 capital gain on the form does not make the form any less of a blanket refusal to provide information. *See, e.g., Reed,* 670 F.2d at 624 (the taxpayer reported only income tax withholdings); *Willis,* 599 F.2d at 684 (the taxpayer reported only dividend and interest income without any other financial information).

■ Vaughn nonetheless seeks to distinguish such cases as involving possible incrimination only as to the *source* of the income. *Cf. Johnson,* 577 F.2d at 1311: "While the *source* of some of Johnson's income may have been privileged, ... the *amount* of his income was not privileged and he was required to pay taxes on it." Vaughn contends that information as to the *amount* of his income would, if revealed, "represent the governments [sic] primary source of evidence in establishing that plaintiff had established false financial information in a criminally liable setting unrelated to taxation." *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 5–6.* Yet, regardless of whether the alleged incrimination relates to the amount or to the source of the income, it is well established that the fifth amendment privilege protects against only real dangers, not against merely remote and speculative possibilities. *Zicarelli v. New Jersey Investigation Commission,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972); *Moore v. Commissioner,* 722 F.2d 193, 195 (5th Cir. 1984); *Steinbrecher v. Commissioner,* 712 F.2d 195, 197 (5th Cir.1983). Vaughn did not further substantiate his fear of incrimination in the materials accompanying his opposing brief but excerpts from the packet of materials attached to his return reveal that Vaughn has raised only a remote and speculative possibility of incrimination. These excerpts, which are reproduced in an appendix to this opinion, raise the spectre that "there is a crime that fits every one of us" and further assert that the return information could be used against Vaughn *if* he has supplied false financial information or otherwise violated federal law in any

one of nineteen listed contexts. These claims are nothing more than a variation on the theme found to be speculative in *Moore,* where the taxpayer asserted that filling out a return would place him "in a position of possible future jeopardy from any source, foreign or domestic, which may in the future find him to have unwittingly erred." 722 F.2d at 195. *Accord Aune v. United States,* 582 F.Supp. 1132, 1134–35 (D.Ari.1984) (similar assertions); *Matz v. United States,* 581 F.Supp. 714, 716 (N.D. Ill.1984) (the taxpayer made assertions that are identical to the ones made here).

Vaughn's assertion of a fifth amendment privilege therefore had no basis in law or fact. His conduct was due to a position which is frivolous and it thus falls squarely within the scope of section 6702. *See also* S.Rep. No. 474, 97th Cong.2d Sess. 278, U.S.Code Cong. & Admin.News 1982, p. 1024: "The penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections." Furthermore, the desire to delay or impede the administration of Federal income tax laws appears patently on the face of the purported return and its attachments. The filing could serve no other purpose of any value. Indeed, the packet submitted by Vaughn matches descriptions of materials filed in other cases exactly. *See Reed v. United States,* 581 F.Supp. 718, 719 (D.Colo.1984) (section 6702 case); *Matz,* 581 F.Supp. at 716. Such materials can be of service only in an attempt to avoid compliance with the income tax laws.

### The Propriety of Summary Judgment

■ Vaughn urges that summary judgment is not appropriate in this case because he has raised a material issue of fact as to his good faith. The issue raised is not a material one. Unlike 26 U.S.C. § 7203, section 6702 does not contain an element of "willfulness" and thus a good faith belief in one's position cannot serve as a defense to the section 6702 penalty. Moreover, under the standards enunciated in the *Johnson* case, Vaughn's blanket refusal to furnish any information on his return would negate a good faith defense even were one otherwise available. *Booher,* 641 F.2d at 220.

### Arbitrary and Capricious Procedures

■ Vaughn contends that the assessment against him was arbitrary and capricious and that the assessment should be set aside under 5 U.S.C. § 706(2) because (1) lower level IRS personnel made no inquiry into the merits of his privilege claim prior to assessment, and (2) agency instructions direct IRS personnel to automatically deny a claim for a refund where the claim is based on constitutional grounds. In effect, the procedures automatically defer the determination of the merits of the fifth amendment privilege claim to a later court proceeding. These procedures comport with constitutional requirements. A pre-assessment hearing is not required by due process in tax enforcement proceedings such as this one where an adequate post-assessment remedy is available. *Drefchinski v. Regan,* 589 F.Supp. at 1524: *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Moreover, there is no support for the contention that there must be a pre-enforcement determination of the validity of the claim of the privilege against self-incrimination. *Garner v. United States,* 424 U.S. 648, 664–65, 96 S.Ct. 1178, 1187–88, 47 L.Ed.2d 370 (1976); *Aune,* 582 F.Supp. at 1135. Thus, the IRS has not been arbitrary and capricious in adopting these procedures.

### The Origination Clause

■ Section 6702 was enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248. TEFRA was passed after the Senate struck the entirety of the House bill and substituted its own language by amendment. This procedure does not violate Article I, section 7, clause 1 of the Constitution. *Flint v. Stone Tracy Co.,* 220 U.S. 107, 142–43, 31 S.Ct. 342, 345–46, 55 L.Ed. 389 (1911); *Aune,* 582 F.Supp. at 1135; *Ueckert v. United States,* 581 F.Supp. 1262, 1264 (D.N.D.1984) (section 6702 case); *Stamp v. Commissioner,* 579 F.Supp. 168, 171 (N.D.

Ill.1984) (same); *Kloes v. United States,* 578 F.Supp. 270, 272–73 (W.D.Wis.1984) (same); *Milazzo v. United States,* 578 F.Supp. 248, 252–53 (S.D.Cal.1984) (same); *Tibbetts v. Secretary of the Treasury,* 577 F.Supp. 911, 914 (W.D.N.C.1984) (same); *Bearden v. Commissioner,* 575 F.Supp. 1459, 1460–61 (D.Utah 1983) (same); *Frent v. United States,* 571 F.Supp. 739, 742 (E.D.Mich.1983) (TEFRA case).

*Eighth Amendment*

■ The prohibition against cruel and unusual punishment is directed toward criminal punishments, not civil fines. The section 6702 penalty does not legislatively inflict punishment on an identifiable group, but rather penalizes illegal conduct. Thus, Vaughn's eighth amendment arguments are wholly devoid of merit. For more extensive discussion, see *Milazzo,* 578 F.Supp. at 253.

*First Amendment: Right to Petition for Redress of Grievances*

■ Vaughn has absolutely no standing to assert a violation of the right to petition. His 1982 form 1040 raises no grievances. Indeed, Vaughn states that his return raised only the fifth amendment privilege claim and he denies that he was protesting taxes. *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment* at 6. In any event, this Court has already concluded that section 6702 does not deprive individuals of their right to petition for redress of grievances. *See Drefchinski,* 589 F.Supp. at 1526–1527.

*Separation of Powers*

■ Vaughn makes a conclusory allegation that section 6702 violates the doctrine of separation of powers, but he has never indicated how the doctrine has been violated. Enabling the IRS to assess the penalty subject to judicial review does not violate separation of powers. *Brennan v. Commissioner,* 581 F.Supp. 28, 30 (E.D.Mich. 1984); *Stamp,* 579 F.Supp. at 171; *Milazzo,* 578 F.Supp. at 253 (identically phrased allegation).

*Summary Judgment and Due Process; Right to a Jury Determination*

■ Vaughn argues that a granting of summary judgment will deny him due process because it will deprive him of a meaningful opportunity to establish his claim of privilege and to otherwise prove that the assessment was unlawful. This argument is patently meritless. A taxpayer is not deprived of due process when his case is dismissed because he has failed to demonstrate a genuine issue of material fact and his legal arguments are all clearly without merit. *Knighten v. Commissioner,* 702 F.2d 59, 61 (5th Cir.1983). Vaughn has been given an ample and meaningful opportunity to respond to the Government's motion for summary judgment. In fact, the Court granted Vaughn a three-month extension of time for his response. Vaughn has simply failed to raise a material issue of fact that would preclude summary judgment. Vaughn's allegation that only a jury has the right to resolve the issues in this case is equally meritless.

*Conclusion*

This opinion is replete with citations to cases with facts that are identical to the ones presented in the case at bar. *See also Miller v. United States,* 577 F.Supp. 980 (N.D.Ind.1984). It is apparent that these cases are not mere isolated incidences with a peculiar coincidental similarity. These tax protesters, with their mass-produced attachments, complaints, motions and memoranda, all march to a common drummer. Some tax "advisor" or group of tax "advisors" must be making a fortune off of these gullible individuals. The Court has published this opinion in the perhaps vain hope that it might deter at least one taxpayer from engaging in such foolishness in the future. This Court will not delay entry of summary judgment in any similar suit for a refund filed here.

There is no genuine issue of material fact and the Government is entitled to judgment in its favor as a matter of law. Accordingly the Government's motion for summary judgment is GRANTED.

APPENDIX

Without revealing the precise danger of self-incrimination which I fear, because to do so might supply a link or leau necessary to obtain information sufficient to get me prosecuted, I will set forth the reasons for my fear and what some of the possible dangers are, as follows:

4

1. That any information supplied on my tax return will be available to the Department of Justice for use in non-tax criminal prosecutions against me, unless immunity is granted to me in exchange for the information. (See 34 Am Jur 2d Section 9388, and *Garner v. U.S.* 424 U.S. 648)

2. That because of the numerous crimes set forth under the regulatory laws, "... there is a crime that fits every one of us," a crime can be "tailored" to suit anyone, and "the only uncertainty is whether the government will put one on the list to be investigated." (See statement by Ira M. Burman, Formerly Assistant to Regional Counsel, Midwest Region, Internal Revenue Service, in "TAX FRAUD," The Institute of Continuing Legal Education, Hutchins Hall, Ann Arbor, Michigan, p 51. Excerpts are displayed in exhibit "J" attached.)

3. That the information which I am requested to supply on the return, if not immunized, can be presented to a grand jury, or it can be used at a lead to obtain other information which can be presented to a grand jury, to help obtain an indictment against me and get me prosecuted, whether or not I have committed a crime, or whether or not I might later be vindicated by a trial jury.

4. That I fear incriminating myself for offenses other than tax crimes.

5. That if I have supplied false financial information to obtain social security benefits, welfare benefits, unemployment benefits, health insurance benefits, governmentally insured mortgages, education loans, education grants, mortgage assistance payments, federal old age survivors and disability insurance, a loan from a federal bank, or, if I have used the mail to commit fraud, embezzled, bribed, taken a bribe, or if I have committed any offense under the trade laws, securities and exchange laws, commerce laws, labor laws, etc., or if I am falsely, maliciously, and without good foundation, accused of such, the information which I am required to supply on a tax return could, and very likely would, be used to help detect the offense, or to build a false and malicious case against me and help establish probable cause by misinterpretation of ambiguous circumstances.

Wherefore, since the Supreme Court has held that the information revealed in a tax return is the testimony of a witness, and that a witness protected by the privilege cannot be compelled to answer incriminating questions without a grant of immunity, and because I honestly feel that the information requested on the return, which I have objected to, could tend to incriminate me for non tax-related offenses under, but not limited to, U.S.C. Title 18 Section 1001 of supplying false and fraudulent information to other departments and agencies within the jurisdiction of the United States, I respectfully object, in the absence of a grant of immunity, and on grounds of self-incrimination, to answering specific questions on the return.