H.G. and Florence **McCULLOUGH, Plaintiffs,**

v.

**The SECRETARY OF The TREASURY and the United States of America, Defendants.**

No. EC 84–408–LS–D.

United States District Court, N.D. Mississippi, E.D.

July 18, 1985.

H.G. and Florence McCullough, pro se.

Glen H. Davidson, U.S. Atty., Thomas W. Dawson, Asst. U.S. Atty., Oxford, Miss., Gregory L. Nelson, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

SENTER, Chief Judge.

Presently before the court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted. In 1981, plaintiffs filed an income tax return for the year ended 1980 on which was computed their tax liability for that year. On August 25, 1983, plaintiffs filed an amended income tax return claiming an error in the taxable income reported on the tax return filed in 1981. The plaintiffs contend that they received no income or gain because their services rendered and the compensation received constituted an equal exchange of value. Plaintiffs also contend that the penalty assessed to plaintiffs for filing a frivolous income tax return is unconstitutional in several respects. Defendants argue that all of plaintiffs' claims are meritless, and move to dismiss the complaint for failure to state a claim upon which relief may be granted and to be

awarded attorneys' fees and related expenses incurred in responding to this action.

Upon reviewing the pleadings and memoranda of the parties and being otherwise fully advised, the court concludes that all of plaintiffs' contentions are without merit, and hereby grants defendants' motion to dismiss. The court also awards to defendants the costs of having to respond to this suit, including attorneys' fees.

■ The plaintiffs name the United States and the Secretary of the Treasury as co-defendants in this action. As an officer or employee of the United States, the Secretary is not a proper party in an action for the recovery of any penalty claimed to have been wrongfully collected. 26 U.S.C. § 7422(f)(1) (Supp.1985). Therefore, this action is properly against only the United States. *Id.; see Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911, 913 (W.D. N.C.1984); *Drefchinski v. Regan*, 589 F.Supp. 1516, 1520 (W.D.La.1984).

■ Plaintiffs challenge on several constitutional grounds the penalty imposed by defendants. First, it is claimed that the penalty violates the separation of powers doctrine by granting to the executive branch—the I.R.S.—the judicial power of assessing penalties. This contention, however, is groundless because the Commissioner's action is subject to judicial review. *Stamp v. C.I.R.*, 579 F.Supp. 168, 171 (N.D. Ill.1984). Every court that has addressed this issue has rejected it, and this court now joins them. *See, e.g., United States v. Eagan*, 587 F.2d 338, 339 (6th Cir.1978); *Vaughn v. United States*, 589 F.Supp. 1528, 1533 (W.D.La.1984); *Brennan v. C.I.R.*, 581 F.Supp. 28, 30 (E.D.Mich.), *aff'd*, 752 F.2d 187 (6th Cir.1984); *Tibbetts v. Secretary of the Treasury*, 577 F.Supp. 911, 915 (W.D.N.C.1984).

■ Also without merit is plaintiffs' contention that the penalty process violates the due process provisions of the United States Constitution. The situation here is similar to that addressed by the United States Supreme Court in *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), in which the Court held that a tax may be assessed without a prior hearing as long as the taxpayer can sue for a refund after paying the assessment. This ruling has been specifically applied to assessments of income tax. *See, e.g., Googe v. Secretary of the Treasury*, 577 F.Supp. 758 (E.D.Tenn.1983); *Milazzo v. United States*, 578 F.Supp. 248 (S.D.Cal.1984). The proceeding in which these plaintiffs are now engaging is sufficient to protect their guarantees of due process. This action may be appealed, if the parties desire. *Accord Drefchinski v. Regan*, 589 F.Supp. 1516, 1524 (W.D.La. 1984); *Stamp v. C.I.R.*, 579 F.Supp. 168, 171 (N.D.Ill.1984); *Kloes v. United States*, 578 F.Supp. 270, 273 (W.D.Wisc.1984).

■ Plaintiffs also complain that the penalty process violates the agency's delegated powers. It is clear that the Secretary of the Treasury may assess penalties. *See* 26 U.S.C.A. § 6701 (Supp.1985). This authority may be delegated to the district directors and the directors of regional service centers of the Internal Revenue Service. 26 C.F.R. 301.6201–1; *see also Googe v. Secretary of the Treasury*, 577 F.Supp. 758, 760 (E.D.Tenn.1983).

■ The claim that the penalty assessment violates the First Amendment guarantees of free speech and right to petition the government for a redress of grievances need not detain us long. The taxpayers here were not penalized for expressing their ideas on tax planning; the penalty was based exclusively on the filing of a frivolous income tax return. *See Drefchinski v. Regan*, 589 F.Supp. 1516, 1526 (W.D. La.1984); *Beard v. United States*, 580 F.Supp. 881 (E.D.Mich.1984). Furthermore, the compelling governmental interest of maintaining a revenue system is sufficient to override the fundamental right of freedom of expression. This regulation is narrowly drawn to avoid unnecessary intrusion on freedom of expression. *United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *see Drefchinski v. Regan, supra* at 1526–27;

*Franklet v. United States,* 578 F.Supp. 1552, 1556–57 (N.D.Cal.1984); *see also United States v. Malinowski,* 472 F.2d 850, 857–58 (3rd Cir., *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973).

Section 6702 does not infringe upon plaintiffs' right to petition the government for redress of grievances. That the plaintiffs are before this court conclusively shows that their First Amendment rights have been adequately protected. *Accord Brennan v. C.I.R.,* 581 F.Supp. 28, 30 (E.D. Mich.1984); *Stamp v. C.I.R.,* 579 F.Supp. 168, 171 (N.D.Ill.1984); *Franklet v. United States,* 578 F.Supp. 1552, 1556 (N.D.Cal. 1984); *Milazzo v. United States,* 578 F.Supp. 248, 253 (S.D.Cal.1984).

■ The taxpayers here also demand a trial by jury pursuant to the Seventh Amendment. This issue was recently addressed by the Court of Appeals for the Fifth Circuit. *Parker v. C.I.R.,* 724 F.2d 469, 472 (5th Cir.1984), was an action in which a taxpayer intentionally provided insufficient information on his income tax return. As to the jury question, the court quoted from one of its previous decisions, and we now adopt that holding:

> The seventh amendment preserves the right to jury trial "in suits at common law." Since there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. [Citations omitted.] Thus, there is a right to a jury trial in actions against the United States only if a statute so provides. Congress has not so provided when the taxpayer elects not to pay the assessment and sue for a redetermination in the Tax Court. *For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court.* 28 U.S.C. §§ 2402 & 1346(a)(1).

*Parker,* 724 F.2d at 472 (quoting *Mathes v. C.I.R.,* 576 F.2d 70, 71 (5th Cir.1978)) (emphasis added); *accord Davis v. United States,* 742 F.2d 171, 173 (5th Cir.1984) (right to jury trial not violated by granting of summary judgment).

■ The plaintiffs explained on their amended income tax return that their reason for amendment was because their income was "compensation for services rendered. There was an equal exchange of value and no income or gain was derived from the source in either case." Since there was "no taxable income," it is argued, then no deductions may be claimed.

A similar claim was raised by the taxpayers in *Lonsdale v. C.I.R.,* 661 F.2d 71 (5th Cir.1981). There the taxpayers argued, *inter alia,* that the United States Constitution forbids taxation of personal services. Their rationale was that the exchange of services for money is an equal exchange of value, containing no element of *profit. Id.* at 72 (emphasis in original). The court rejected this argument on the grounds that "income" has been defined as all "accessions to wealth," *see C.I.R. v. Glenshaw Glass Co.,* 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955), which is within the Sixteenth Amendment's power to tax incomes. Because the taxpayers were pro se plaintiffs, the court declined to apply Fed. R.App.P. 38 sanctions, but gave explicit notice that such sanctions would be appropriate in future suits litigating these same, long-settled issues. *Lonsdale,* 661 F.2d at 72; *Lonsdale v. Smelser,* 709 F.2d 910, 911 (5th Cir.1983) (assessing double costs and attorneys' fees against same litigant making same frivolous arguments).

*Davis v. United States,* 742 F.2d 171 (5th Cir.1984), involved a situation similar to the one in the case *sub judice.* The taxpayers in *Davis* had filed an income tax return reporting no income from wages, salaries, or tips, even though the accompanying W–2 forms showed that they had received in excess of $60,000 in wages and other compensation. The taxpayers argued, *inter alia,* that "an individual receives no taxable gain from the exchange of labor for money because the wages received are offset by an equal amount of 'costs of labor'."

The court affirmed its *Lonsdale* holding that such a claim was totally without merit. *Id.* at 172. Because of this and other groundless claims, the court enforced Fed.

**754**

R.App.P. 38 and assessed double costs to the taxpayers, despite the fact that they maintained the status of pro se plaintiffs. *Id.; see also Wright v. C.I.R.*, 752 F.2d 1059, 1063 (5th Cir.1985) (awarding to Commissioner attorneys' fees, damages, and double costs for frivolous appeal by taxpayer despite pro se status); *accord Tilbetts v. Secretary of the Treasury*, 577 F.Supp. 911, 915 (W.D.N.C.1984) (awarding to defendant travel expenses plus attorneys' fees of $50 per hour (41 hours)).

A taxpayer in *Parker v. C.I.R.*, 724 F.2d 469 (5th Cir.1984), had filed an income tax return which contained only his name, address, social security number, and signature. The Commissioner determined tax liability and assessed a penalty for negligent or willful refusal to file an appropriate tax return. Because the taxpayer had raised on appeal arguments against the tax system that were long-settled, the court assessed the taxpayer with double costs and warned that the entire spectrum of Rule 38 sanctions would be enforced against future frivolous appeals. *Id.* at 472.

Furthermore, the taxpayers in the action *sub judice* have filed the amended return in bad faith. The proper filing of the original tax return indicates that they were well aware of the requirements of the income tax laws. Subsequent filing of the amended return displays a bad faith effort to challenge well-settled income tax laws and decisions. *See Parker*, 724 F.2d at 471.

The court thus finds that defendants' motion to dismiss should be granted and that defendants be awarded costs of this action, including attorneys' fees. An order in conformity with this opinion shall issue.